## CORIELL et al. v. COSMOPOLITAN TOURIST CO., Inc.

### Civ. A. No. 10940.

United States District Court E. D. New York.

July 31, 1950.

———◆———

Carlton Adams Walls, New York City, for plaintiffs.

David Tepp, White Plains, N. Y., for defendant.

INCH, Chief Judge.

The affidavit of the attorney for plaintiffs is not sworn to, but it sufficiently sets forth the general situation. From this it appears that the plaintiffs claim to have been injured in a collision between a car in which they were riding and a bus owned by the defendant. The action was first brought in the State Court. Apparently plaintiffs decided to discontinue the State Court action and commence the present suit in this Federal Court. However, the only steps toward taking such discontinuance was a stipulation to do so signed by plaintiffs and sent to counsel for defendant, but not signed and returned by him. No further steps to discontinue were thereupon taken. I need not discuss the question of the State Court order for security for costs as that is a matter for the State Court.

■■ It seems to me, however, that the plaintiffs should complete the discontinuance of their State Court action in view of the above before seeking production and inspection of documents in this action. In order to avoid delay, and in accordance with the Rules of Civil Procedure of this Court, 28 U.S.C.A., I will dispose of the motion as follows: Provided the plaintiffs complete discontinuance of the action in the State Court and submit to the examination requested by defendant, the defendant is required to produce and permit plaintiffs' counsel to inspect and copy any written statements made by Motto, Bliebtrey, Cooper, Rossi, Mildred Coriell and Detjen, and the medical report as to plaintiff, Mildred Coriell, made by defendant's physician, and plaintiff is entitled to the names and addresses of any eye-witnesses to the accident in the possession of the defendant.

As to the examination of the co-plaintiff, Mildren Coriell, it is claimed that she is mentally ill, and not available for examination. If this circumstance exists, her examination would naturally have to be postponed, but formal application showing good ground therefor would have to be made.

Motion granted accordingly. Settle order on notice.